UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHELLE DZIEDZIC,

                           Plaintiff,

                          5:11-CV-743
                          (FJS/DEP)
                          (Member Case)

          v.

THE STATE UNIVERSITY OF NEW YORK
AT OSWEGO, MARTA SANTIAGO, MARY           5:10-CV-1018
DEPENTU, and MICHAEL IZYK                       (FJS/DEP)
                          (Lead Case)

                           Respondent.
_____

**APPEARANCES**                                         **OF COUNSEL**

**MICHELLE DZIEDZIC**
P.O. Box 92
Hannibal, New York 13074
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                 **TIMOTHY P. MULVEY, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204
Attorneys for Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Currently before the Court is Defendants' motion to dismiss Plaintiff's complaint in Case No. 5:11-CV-743,[1] or, in the alternative, for a more definite statement.

**II. BACKGROUND**

From 1998 until 2010, Plaintiff Michelle Dziedzic was an employee of Defendant State University of New York at Oswego ("SUNY Oswego"). On March 15, 2010, Defendant SUNY Oswego suspended Plaintiff without pay and issued to her a Notice of Discipline seeking her termination for, among other reasons, her alleged insubordination. On August 23, 2011, following an arbitration hearing on the matter, the arbitrator found that Plaintiff's suspension was proper and that her termination was appropriate.

On June 30, 2011, Plaintiff filed a complaint in which she asserted three causes of action against Defendants SUNY Oswego, Marta Santiago, Mary DePentu, and Michael Izyk. *See Dziedzic v. State Univ. of N.Y. at Oswego*, 5:11-CV-743, Dkt. No. 1. Specifically, Plaintiff asserted that Defendants (1) engaged in "unlawful, discriminatory and harassing employment practices," including unlawful retaliation, under Title VII; (2) violated the New York Human Rights Law; and (3) engaged in "[d]iscrimination and harassment in violation of Title VII[.]" *See id.*

---

[1] Plaintiff filed two related complaints in the Northern District of New York. She filed her first complaint with the assistance of counsel, *see Dziedzic v. State Univ. of N.Y. at Oswego*, 5:10-CV-1018 (FJS/DEP); and she filed her second complaint, the complaint at issue here, *pro se*, *see Dziedzic v. State Univ. of N.Y. at Oswego*, 5:11-CV-743 (FJS/DEP). The Court (Peebles, M.J.) has since consolidated these two cases for pretrial matters only and designated the first action as the lead case and the second as the member case.

Defendants contend that the Court should dismiss Plaintiff's Human Rights Law claim against the individual Defendants because Plaintiff elected to pursue her state-law administrative remedies and dismiss her Title VII claims for failure to state a claim. In the alternative, Defendants seek an Order pursuant to Federal Rule of Civil Procedure 12(e) that requires Plaintiff to provide a more definite statement of her claims.

## III. DISCUSSION

### A. Human Rights Law claim

"'[A] person claiming to be aggrieved by an unlawful discriminatory practice may seek relief either from a court of appropriate jurisdiction or from the [New York State Division of Human Rights] or any local commission on human rights, but not both.'" *Lennon v. New York City*, 392 F. Supp. 2d 630, 640-41 (S.D.N.Y. 2005) (quotation and other citations omitted). Indeed, § 297(9) of the Human Rights Law contains an election-of-remedies clause, providing that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . **unless such person had filed a complaint hereunder or with any local commission on human rights** . . . ." N.Y. Exec. Law § 297(9) (emphasis added). "The only exceptions to this jurisdictional bar are when the complaint has been dismissed 'on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled.'" *Smith-Henze v. Edwin Gould Servs. for Children & Families*, No. 06 Civ. 3049, 2006 WL 3771092, *3 (S.D.N.Y. Dec. 21, 2006) (quotation and other citation omitted). These limited exceptions do not apply here.

On November 19, 2008, Plaintiff filed an administrative complaint with the New York State Division of Human Rights ("NYSDHR") and alleged that Defendants SUNY Oswego, Marta Santiago, Mary DePentu, and Michael Izyk discriminated against her and harassed her in violation of the Human Rights Law.  Although the NYSDHR determined that probable cause existed to believe that Defendants had engaged in unlawful discriminatory practices against Plaintiff, on September 10, 2010, a NYSDHR Administrative Law Judge dismissed Plaintiff's administrative complaint in its entirety, *see* Dkt. No. 23-4, and the Equal Employment Opportunity Commission adopted those findings, *see* Dkt. No. 23-5.  Since Plaintiff elected to pursue her state-law Human Rights Law claim administratively, § 297(9) bars her from again raising that same claim in this Court.  *See York v. Ass'n of Bar of City of New York*, 286 F.3d 122, 127 (2d Cir. 2002); *see also Francis v. Elmsford Sch. Dist.*, No. 04 Civ. 2687, 2004 WL 1769980, *3 (S.D.N.Y. Aug. 5, 2004) (citations omitted).

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's Human Rights Law claim in its entirety.  *See Smith-Henze*, 2006 WL 3771092, at *3.

**B.    Title VII claims**

In her complaint, Plaintiff did not aver any factual allegations upon which she bases her claims.  Rather, she attached and sought to incorporate by reference the factual recitations that the NYSDHR set forth in its Factual Investigation Report and Basis of Determination, in which it determined that probable cause existed to believe that Defendants engaged in the unlawful discriminatory practices about which Plaintiff complained.

Since Plaintiff is a *pro se* litigant, the Court will provide her an opportunity to amend her

-4-

complaint to include a more definite statement regarding her Title VII claims. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (stating that, when addressing a *pro se* complaint, generally a district court "'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated'" (quotation omitted)).[2]

### IV. CONCLUSION

Accordingly, having reviewed the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint in Case No. 5:11-CV-743, or, in the alternative, for a more definite statement, is **GRANTED** in **part** and **DENIED** in **part**; and the Court further

**ORDERS** that Plaintiff's Human Rights Law claim is **DISMISSED** in its entirety; and the Court further

**ORDERS** that Defendants Marta Santiago, Mary DePentu, and Michael Izyk are **DISMISSED** as Defendants in **Case No. 5:11-CV-743**; and the Court further

**ORDERS** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of

---

[2] Plaintiff's amended complaint must set forth specific factual allegations, in separately numbered paragraphs, detailing Defendant SUNY Oswego's employees' acts or omissions that support her Title VII claims. Plaintiff can, however, only sue Defendant SUNY Oswego under Title VII; and, thus, Defendant SUNY Oswego remains the sole Defendant in Case No. 5:11-CV-743. *See Patterson v. City of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) (quotation and other citation omitted). Although Plaintiff's Title VII claims (claims one and three) are similar, Plaintiff's first cause of action appears to include an allegation of unlawful retaliation. In her amended complaint, Plaintiff must include facts to support her Title VII claims for unlawful harassment, discrimination, and retaliation.

the date of this Memorandum-Decision and Order to include a more definite statement with respect to her Title VII claims against Defendant SUNY Oswego.

**IT IS SO ORDERED.**

Dated: July 6, 2012
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge