UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHELE DZIEDZIC,

                              **Plaintiff,**

                  v.                              5:10-CV-1018
                                                               (FJS/DEP)

THE STATE UNIVERSITY OF
NEW YORK AT OSWEGO,

                              **Defendant.**

_____

**APPEARANCES**                                            **OF COUNSEL**

**MICHELE DZIEDZIC**
P.O. Box 92
Hannibal, New York 13074
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                  **TIMOTHY P. MULVEY, ESQ.**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2465
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, a former employee of Defendant The State University of New York at Oswego ("SUNY Oswego" or "the University"), has filed several actions related to her employment and

termination from the University. These include actions before the federal court, the New York State Department of Human Rights ("DHR"), and an arbitrator.

On November 19, 2008, Plaintiff filed her first complaint with the DHR. In that complaint, Plaintiff charged Defendant and others with unlawful discriminatory practices relating to employment.

On March 3, 2009, Plaintiff filed a second administrative complaint with the DHR. Plaintiff's second DHR complaint alleged that, after she filed her first complaint, Defendant and others targeted her for additional harassment. Prior to her hearing on the first DHR complaint, Plaintiff applied for dismissal of her second DHR complaint for administrative convenience in order to proceed in federal court. The DHR granted Plaintiff's application for dismissal of this second complaint on December 21, 2009. On August 23, 2010, Plaintiff filed her first federal complaint with the assistance of counsel.

On August 31, 2010, DHR Administrative Law Judge Groben dismissed Plaintiff's first DHR complaint on the merits. In that decision, Judge Groben found that Plaintiff had "failed to sustain her burden of proof" for discrimination and retaliation. *See In re Dziedzic I*, Recommended Findings of Fact, Opinion and Decision, and Order, N.Y. State Div. of Human Rights 20129633 at 1 (Aug. 31, 2010) ("DHR Order"). The EEOC adopted the DHR Judge's findings and decisions, thereby dismissing all claims in Plaintiff's first DHR complaint.

On June 30, 2011, Plaintiff filed her second federal complaint *pro se*. The Court (Peebles, M.J.) consolidated Plaintiff's two federal complaints for pretrial matters and designated the first action as the lead case and the second as the member case.

On August 23, 2011, a Disciplinary Panel Arbitrator upheld SUNY Oswego's decision to terminate Plaintiff's employment.

On July 6, 2012, this Court issued a Memorandum-Decision and Order, with the following findings:

> In her complaint, Plaintiff did not aver any factual allegations upon which she bases her claims. . . . Since Plaintiff is a *pro se* litigant, the Court will provide her an opportunity to amend her complaint to include a more definite statement regarding her Title VII claims. . . . Plaintiff's amended complaint must set forth specific factual allegations, in separately numbered paragraphs, detailing Defendant SUNY Oswego's employees' acts or omissions that support her Title VII claims . . . includ[ing] facts to support her Title VII claims for unlawful harassment, discrimination, and retaliation.

*See* Dkt. No. 32, Memorandum-Decision and Order ("Court's Order") at 4-5 (citations omitted). Based on these findings, the Court issued the following orders:

> [T]he Court hereby **ORDERS** that Defendants' motion to dismiss Plaintiff's complaint in Case No. 5:11-CV-743, or, in the alternative, for a more definite statement, is **GRANTED** in **part** and **DENIED** in **part**; and the Court further **ORDERS** that Plaintiff's Human Rights Law claim is **DISMISSED** in its entirety; and the Court further **ORDERS** that Defendants Marta Santiago, Mary DePentu, and Michael Izyk are **DISMISSED** as Defendants in Case No. 5:11-CV-743; and the Court further **ORDERS** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of the date of this Memorandum-Decision and Order to include a more definite statement with respect to her Title VII claims against Defendant SUNY Oswego.

*See id.* at 5-6.

Plaintiff filed her Amended Complaint on August 7, 2012. Despite this Court's dismissal of her claims against Ms. Santiago, Ms. DePentu, and Mr. Izyk, Plaintiff named them as defendants in the caption of her Amended Complaint. She did, however, list only one "DEFENDANT" within the text of her Amended Complaint: "The State University of New York at Oswego."

3

Plaintiff's Amended Complaint contained 70 numbered paragraphs alleging that various people, including Ms. Santiago, Ms. Depentu, and Mr. Izyk, committed various unlawful acts in and around SUNY Oswego from 2005 through January 2008. At the conclusion of these allegations, Plaintiff argued that Defendant SUNY Oswego was liable for discrimination, harassment, a hostile work environment, and retaliation under Title VII. Plaintiff also alleged that Defendant SUNY Oswego violated the Jeanne Clery Disclosure of Campus Security Policy ("Clery Act").

In Defendant's Answer, dated August 13, 2012, it either denied or denied knowledge or information sufficient to form a belief as to the truth of the substantive allegations in the Complaint. On February 28, 2013, Defendant moved for dismissal or summary judgment for all of Plaintiff's causes of action.

On March 27, 2014, Plaintiff responded to Defendant's motion with a document entitled "Statement of Material Facts," which consisted mostly of factual allegations and some legal arguments without citation. In this Statement, Plaintiff alleged additional facts, which had not appeared in her Amended Complaint, describing unlawful employment actions which she claimed occurred between November 2008 and January 2009.

Currently before the Court is Defendant's motion for summary judgment dismissing Plaintiff's Amended Complaint in its entirety.

### III. DISCUSSION

**A.    Plaintiff's Clery Act claim**

Plaintiff cannot bring a claim against Defendant SUNY Oswego under the Clery Act because the Clery Act specifically states that its provisions do not give rise to private causes of

action against educational institutions. *See* 20 U.S.C. §§ 1092(f)(14)(A)(i); 1092(i)(5)(C); 1092 (j)(2)(B). Accordingly, the Court dismisses Plaintiff's claim under the Clery Act *sua sponte*.

**B.     The discrimination, harassment, and hostile work environment claims in Plaintiff's first DHR Complaint**

The statute of limitations for filing a charge of unlawful employment action under Title VII is 300 days. *See* 42 U.S.C. § 2000e-5(e)(1). Where the alleged victim of an unlawful employment action files a charge with the EEOC or appropriate state-level agency more than 300 days after an unlawful act, she loses the ability to recover for it. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Here, Plaintiff has not alleged any unlawful employment actions during the 300 days prior to the filing of her first DHR complaint.

Plaintiff filed her first administrative complaint with the DHR on November 19, 2008. Thus, any unlawful employment actions that Plaintiff alleges Defendant engaged in prior to January 23, 2008 are time-barred. Furthermore, during the period from January 23, 2008 to November 19, 2008, Plaintiff was on medical leave for all but two days. Plaintiff did not allege any unlawful employment actions during the two days she worked prior to filing her first DHR complaint, nor did she allege any unlawful employment actions during the meetings she attended with Ms. Santiago and another SUNY Oswego employee, Mr. Nick Lyons, during the relevant period.

Plaintiff has also alleged that Defendant created a hostile work environment. The statute of limitations operates somewhat differently with regard to such an allegation because "[h]ostile work environment claims are different in kind from discrete acts." *Morgan*, 536 U.S. at 115. In such a claim, "the entire hostile work environment encompasses a single unlawful employment practice[.]" *Id.* at 117. A plaintiff's hostile work environment claim is therefore timely as long

5

as the plaintiff can identify at least one predicate act occurring within the statute of limitations period. *See Mix v. Del. & Hudson Ry. Co., Inc.*, 345 F.3d 82, 89 (2d Cir. 2003). Here, however, Plaintiff has not alleged a single predicate act during the 300 days prior to her filing of her first DHR complaint. Plaintiff's allegation of a hostile work environment is therefore time-barred.

However, the inquiry does not end there. Plaintiff's *pro se* filings do not raise the issue of equitable tolling, but she does refer to a lengthy medical leave period, which included hospitalization for anxiety and depression, during the 300-day period preceding her filing with the DHR. If Plaintiff's physical or mental condition during this period prevented her from filing a complaint, then she might be entitled to tolling of the statute of limitations. The statute of limitations period may be tolled where a district court determines that the plaintiff (1) has acted with reasonable diligence during the relevant time period, and (2) the plaintiff was subject to extraordinary circumstance, which prevented her from fully exercising her rights. *See Zerilli– Edelglass v. N.Y.C. Transit Auth.,* 333 F.3d 74, 80–81 (2d Cir. 2003) (quotation omitted). In order to establish a basis for equitable tolling due to a medical condition or mental illness, a plaintiff must offer a "particularized description" of the effect that her condition had upon her capacity to function or pursue her rights. *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir. 2000). Courts in this circuit have ruled that it is not sufficient for a plaintiff merely to allege that she suffered from certain conditions or was subject to certain medications or treatments without specifying how those circumstances prevented her from filing an EEOC charge. *See, e.g.*, *Perez v. Ahlstrom Corp.*, No. 10-cv-1299, 2011 WL 2533801, *3 (D. Conn. June 27, 2011); *Mulkern v. N.Y. State Police*, No. 08 Civ. 8870, 2010 WL 5584598, *11 (S.D.N.Y. Dec. 8, 2010). Courts have also declined to toll the statute of limitations for plaintiffs who, during the allegedly incapacitated period, take other actions in furtherance of their rights. *See, e.g.*, *da Costa v.*

*Union Local 306*, No. 08 Civ. 2470, 2009 WL 3076077, *4 (S.D.N.Y. Sept. 25, 2009); *Hills v. Praxair, Inc.*, No. 11-CV-678S, 2012 WL 1935207, *12 (W.D.N.Y. May 29, 2012).

Here, Plaintiff has admitted that, during her medical leave, she drafted a letter to Ms. Santiago regarding her complaints about her work environment. She sent this letter to Ms. Santiago, copied to Ms. DePentu as well as other officials "[o]n or about February 19, 2008." Plaintiff also admitted that she went to Ms. Santiago's office to discuss her complaint sometime in March 2008. She also met with Mr. Lyons and relayed her complaints to her union president.

Due to the absence of an allegation that any medical condition prevented Plaintiff from fully exercising her rights and timely filing her EEOC charge, this Court cannot toll the statute of limitations. Accordingly, this Court finds that all of the allegations in Plaintiff's first DHR complaint are time-barred.

**C. Plaintiff's remaining discrimination, retaliation, and hostile work environment claims**

For Plaintiff's Title VII claim to be actionable, she must allege facts sufficient to establish that she was the victim of discrimination, retaliation, or a hostile work environment within 300 days prior to the filing of her second DHR complaint on March 3, 2009. *See* 42 U.S.C. § 2000e-5(e)(1); *Morgan*, 536 U.S. at 110. Here, Plaintiff has not alleged that Defendant committed any offensive conduct during the period when she was on medical leave from January 2008 to November 2008.

In Plaintiff's Statement of Material Facts, which she filed in response to Defendant's motion to dismiss, Plaintiff alleged additional facts, which had not appeared in her Amended Complaint. These included wrongdoing that allegedly took place between November 18, 2008, and March 15, 2010. These later allegations did not, of course, appear in Plaintiff's first DHR

7

complaint, which she filed on November 19, 2008. Many of these allegations did, however, appear as allegations in Plaintiff's second DHR complaint, which she filed on March 3, 2009. The following accusations appear in both Plaintiff's Second DHR Complaint and her Statement of Material Facts:

> 1. On November 20, 2008, Defendant's employees falsely reported to campus police that Plaintiff was a danger to campus safety and tricked Plaintiff into reporting for an interview with two campus police officers.
>
> 2. Later on November 20, 2008, Defendant's employees attempted to convince one of Plaintiff's co-workers to take Plaintiff to a mental health facility for an evaluation without her knowledge or consent.
>
> 3. At 8:15 a.m. on December 1, 2008, the windshield of Plaintiff's car was broken.
>
> 4. "Soon after" Plaintiff filed her first DHR complaint, feces were smeared on the driver's side of Plaintiff's car.
>
> 5. On December 19, 2008, Mr. Dixon repeatedly drove his vehicle at an excessive speed directly at Plaintiff in a threatening manner, swerving at the last moment to avoid hitting Plaintiff and the car in which she was riding. Ms. Santiago was made aware of this incident but took no action to punish the perpetrator or prevent its recurrence.
>
> 6. On January 9, 2009, Defendant's employees reassigned Plaintiff to the Plumbing Department, which was an act of retaliation as well as a continuation of the harassment begun by Mr. Izyk, who had threatened to have Plaintiff transferred to "shitters and pissers."
>
> 7. On January 20, 2009, Defendant's employees attempted to force Plaintiff to undergo a "mental evaluation" against her will.

### 1. *Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact

8

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the court's role is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In making this determination, the court must view the evidence in the record and draw all reasonable inferences in the light most favorable to the non-moving party. *See Consol. Risk Servs., Inc. v. Auto. Dealers WC Self Ins. Trust*, No. 1:06–CV–871, 2010 WL 2735701, *3 (N.D.N.Y. July 9, 2010) (citation omitted).

Summary judgment is appropriate if the party that bears the burden of proof at trial fails to establish an essential element of its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson*, 477 U.S. at 247–48. Thus, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted).

### 2. *Plaintiff's discrimination claim*

Plaintiff's allegations, even if proved, cannot sustain a claim of discrimination against Defendant. A claim for employment discrimination under Title VII requires a plaintiff to establish four elements:

> (1) [the plaintiff] is a member of a protected class; (2) [s]he is competent to perform the job or is performing [her] duties satisfactorily; (3) [s]he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on [her] membership in the protected class.

9

*Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005) (citation omitted). There is no dispute that Plaintiff is a member of a protected class; and, for purposes of argument, the Court will assume that she was competent to perform her job or was performing her duties satisfactorily. Plaintiff, however, has not demonstrated that Defendant subjected her to an adverse employment decision.

Plaintiff alleges that she was reassigned to the Plumbing Department, but an employer's reassignment of an employee to other job duties does not automatically constitute an actionable adverse employment action. *See Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 71 (2006). Reassignment is only actionable if a reasonable person in the employee's position would have found the new role to be "materially adverse." *See id.* Here, Plaintiff has not alleged that the new role was materially adverse. To the contrary, Plaintiff admitted during her deposition that she had requested the transfer. Furthermore, she does not allege that this transfer resulted in lower pay or other indicia that this transfer was adverse. Nor does she allege that she was transferred because of her gender. As for Plaintiff's other allegations, they are undermined by her own admission that she was never subjected to offensive conduct during her time in the Plumbing Section leading up to her 2009 medical leave. Finally, Plaintiff does not allege any facts that would suggest that Defendant took any action against Plaintiff based on her gender. Accordingly, the Court grants Defendant's motion for summary judgment with respect to Plaintiff's Title VII discrimination claim.

### 3. *Plaintiff's retaliation claim*

Likewise, none of Plaintiff's allegations could support a claim for retaliation. A claim for retaliation under Title VII requires a plaintiff to establish three elements:

> "[1] that [the plaintiff] engaged in protected participation or opposition under Title VII, . . . [2] that the employer was aware of this activity, [3] that the employer took adverse action against the plaintiff, and [4] that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action."

*Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (internal quotation and other citations omitted). Here, Plaintiff's retaliation claim fails for the same reason her discrimination claim failed: no evidence of an adverse employment action. Accordingly, the Court grants Defendant's motion for summary judgment with respect to Plaintiff's Title VII retaliation claim.

### 4. *Plaintiff's hostile work environment claim*

Plaintiff has also failed to allege facts sufficient to constitute a hostile work environment. A claim for a hostile work environment under Title VII requires a plaintiff to establish two elements:

> [1] the workplace is permeated "with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." . . . Usually, a single isolated instance of harassment will not suffice to establish a hostile work environment unless it was "extraordinarily severe." . . . Thus, the plaintiff must demonstrate "either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment." . . .
> [2] "[A] specific basis exists for imputing the conduct that created the hostile environment to the employer." . . . When the source of the alleged harassment is a co-worker, the plaintiff must demonstrate that the employer "'failed to provide a reasonable avenue for complaint or if it knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action.'" . . .

*Howley v. Town of Stratford*, 217 F.3d 141, 153-54 (2d Cir. 2000) (internal quotations and citations omitted). Here, Plaintiff has not alleged that any of the seven acts within the statutory period were motivated by a discriminatory animus toward her because of her protected status, nor has she alleged that a single incident was extraordinarily severe or that the complained-of incidents in their entirety were sufficiently severe or pervasive to alter the conditions of her employment. Accordingly, the Court grants Defendant's motion for summary with respect to Plaintiff's Title VII hostile work environment claim.

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's Clery Act claim against Defendant is **DISMISSED** *sua sponte*, because the Clery Act does not provide for private causes of action; and the Court further

**ORDERS** that Defendant's motion for summary judgment is **GRANTED** with respect to the claims that appeared in Plaintiff's first DHR Complaint because they are untimely; and the Court further

**ORDERS** that Defendant's motion for summary judgment is **GRANTED** with regard to Plaintiff's remaining discrimination, retaliation, and hostile work environment claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED**

Dated: December 19, 2014
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge